IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ELDER ROEL LOPEZ GARCIA, <br><br> Petitioner, <br><br> vs. <br><br> PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, <br><br> Respondents. | Case No. 0:26-cv-01507-SHL-EMB <br><br><br> **ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS** |

## I.    INTRODUCTION.

Petitioner is a citizen of Guatemala who has been in the United States for over two years. Petitioner was arrested by officials with U.S. Immigration and Customs Enforcement ("ICE") on February 17, 2026. Because Respondents have not established any lawful basis for taking Petitioner into custody—much less for continuing to detain him—the Court GRANTS his Verified Petition for Writ of Habeas Corpus and ORDERS that he be immediately released unless he has been transferred away from Minnesota, in which case he must be returned to Minnesota and then immediately released.

## II.    FINDINGS OF FACT.

Respondents largely do not dispute the facts in the Verified Petition, and thus the Court accepts them as true except where Respondents have presented contrary evidence. Petitioner is a citizen of Guatemala who entered the United States over two years ago. (ECF 1, ¶ 12.) He lives in Columbia Heights, Minnesota, and has strong ties to his community. (Id., ¶ 14.) He does not have a final order of removal. (Id., ¶ 13.) Petitioner was arrested by ICE agents on February 17, 2026, but was not shown or provided an arrest warrant. (Id., ¶ 15.) Upon being taken into custody, Petitioner was detained in Minnesota. (Id., ¶¶ 7, 16; ECF 5-1, p. 2.) According to documents submitted by Respondents, Petitioner was served with a Notice to Appear and placed in removal

1

proceedings the same day. (ECF 5-1, p. 3.) Petitioner filed this Verified Petition for Writ of Habeas Corpus the next day. (ECF 1.) Petitioner sues Respondents in their official capacities, seeking, among other forms of relief, immediate release from custody. (Id., p. 16.)

On February 18, 2026, the Court entered an Order to Show Cause requiring Respondents, among other things, to "certify[] the true cause and duration of Petitioner's detention in light of the issues raised in the habeas petition" and explain "[w]hether Petitioner was arrested pursuant to a warrant and, if so, [provide] a copy of such warrant." (ECF 3.) Respondents submitted a *pro forma* response stating that they "assert all arguments raised by the government in *Buenrostro-Mendez* [*v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026)] and in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition." (ECF 5, p. 1.) Respondents assert that if the Court determines Petitioner is detained under § 1226(a) instead of § 1225(b)(2), the appropriate remedy is to order a bond hearing instead of immediate release. Respondents also submitted the following documents: (1) a Form I-213, "Record of Deportable/Inadmissible Alien," dated February 17, 2026, reflecting, among other things, that searches of Government databases "returned negative for previous, adverse immigration actions" and showed "no other immigration benefits approved or pending" (ECF 5-1, pp. 1–3); and (2) a Form I-862, "Notice to Appear," dated February 17, 2026, identifying Petitioner as "an alien present in the United States who has not been admitted or paroled" and charging him with removal pursuant to sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act[1] (id., pp. 4, 7). Respondents did not include an arrest warrant.

### III.  HABEAS CORPUS STANDARDS.

Petitioner is entitled to writ of habeas corpus if, as relevant here, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Th[e] right [of habeas corpus] extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). Petitioner bears the burden of proving by a preponderance of the evidence that her detention is unlawful. *See Walker v. Johnston*, 312 U.S. 275, 286–87 (1941); *see also Bradin v.*

---

[1] Codified at 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I), respectively.

*U.S. Prob. & Pretrial Servs.*, No. 22-3032, 2022 WL 1154622, at *3 (D. Kan. Apr. 19, 2022) (collecting cases).

## IV.   LEGAL ANALYSIS.

### A.   *Petitioner Is Governed by 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225.*

It is a fundamental principle of law that if the Government wants to keep someone in custody, it must explain the basis for doing so. This is particularly true when, as here, the detainee has filed a petition for writ of habeas corpus. Yet Respondents have made no attempt to explain the basis for Petitioner's detention except to "assert all arguments" raised in two different cases— one resolved in Respondents' favor in the Fifth Circuit and one currently on appeal to the Eighth Circuit. (ECF 5, p. 1.) The Court appreciates and understands that Respondents' counsel is overwhelmed with habeas petitions. The Court is overwhelmed, too, however, and does not have the time or resources to dig up filings in a totally separate case and figure out how they might apply to this one. The Court is left to presume that the primary argument Respondents are making is that is that Petitioner is subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(a) and (b)(2). Petitioner, by contrast, asserts that he is governed by 8 U.S.C. § 1226(a), which allows release on bond and applies to "certain aliens already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

Most courts to have considered the issue have concluded that a person like Petitioner who has lived in the United States for more than two years after entering without inspection is governed by § 1226(a). *See, e.g.*, *Helbrum v. Williams Olson*, 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *4 (S.D. Iowa Sept. 30, 2025); *Barrajas v. Noem*, No. 4:25-cv-00322-SHL-HCA, 2025 WL 2717650, at *4–5 (S.D. Iowa Sept. 23, 2025); *Hasan v. Crawford*, 800 F. Supp. 3d 641, 651–57 (E.D. Va. 2025); *Romero v. Hyde*, 795 F. Supp. 3d 271, 281–88 (D. Mass. 2025). Any contrary holding would render substantial portions of § 1226 superfluous by making "detention [] mandatory for nearly every noncitizen who has entered the United States illegally." *Hasan*, 800 F. Supp. 3d at 656. If this is what Congress intended, it does not make sense that it would have passed a separate provision as part of the same statutory scheme that specifically contemplates bond hearings except in enumerated situations. *See id.* It is especially difficult to square Respondents' interpretation of § 1225 with Congress's recent decision to pass the Laken Riley Act to expand the scope of mandatory detention under § 1226(a). *See id.*; *Romero*, 795 F. Supp. 3d at 286. Under Respondents' interpretation of the interplay between §§ 1225 and 1226, substantial portions of the

Laken Riley Act are meaningless. This is not how statutes are to be interpreted. Indeed, "one of the 'most basic interpretive canons' is that 'a statute should be construed so that effect is given to all its provisions,' and 'no part will be inoperative or superfluous, void, or insignificant.'" *Hasan*, 800 F. Supp. 3d at 656 (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

For these reasons, the Court concludes that Petitioner is governed by § 1226(a), not § 1225(b)(2).

### B. *Petitioner Must Be Immediately Released.*

The remaining question is whether to order immediate release or to give Petitioner a bond hearing before an Immigration Judge. The Court has the authority to do either one. *Demore*, 538 U.S. at 517 (recognizing that § 1226(e) "contains no explicit provision barring habeas review"). Respondents argue that even if § 1226(a) is governing, the most the Court should do is order a bond hearing. Petitioner, by contrast, argues that Respondents have not complied with governing law because there is no "warrant issued by the Attorney General" as required to justify detention under § 1226(a). Because no warrant exists, he argues for immediate release. The Court agrees that immediate release is the appropriate remedy here.

The Court recognizes there is ambiguity in immigration laws and regulations. On one hand, § 1226(a) states that the Attorney General must issue a warrant before an alien may be arrested and detained. Moreover, 8 C.F.R. § 236.1(b)(1) states that an arrest warrant may be issued "[a]t the time of issuance of the notice to appear, or at any time thereafter." Read together, these provisions appear to require the issuance of an arrest warrant (i) before the arrest itself, but (ii) not until a notice to appear has been filed.

On the other hand, 8 U.S.C. § 1357(a) establishes that an immigration officer has the power to act without a warrant in some circumstances, including, as relevant here, the power to:

> arrest any alien who in his presence or view is entering or attempting to enter the United States . . . or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States . . . .

*Id.* § 1357(a)(2). In turn, 8 C.F.R. § 287.3(a) states that the "examination" referenced in § 1357(a)(2) shall be made "by an officer other than the arresting officer. If no other qualified

4

officer is readily available and the taking of the alien before another officer would entail unnecessary delay, the arresting officer, if the conduct of such examination is a part of the duties assigned to him or her, may examine the alien." Section 287.3(d) then states that except in extraordinary circumstances or where voluntary departure has been granted, a determination must be made within forty-eight hours "whether the alien will be continued in custody or released on bond and recognizance and whether a notice to appear **and** warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued." (emphasis added).

Parsing the language, these provisions give an immigration officer the authority to make a warrantless arrest if: (i) the officer has reason to believe the alien is in the United States without lawful status; (ii) the officer has reason to believe the alien is likely to escape before a warrant can be obtained for his arrest; (iii) the alien is taken without unnecessary delay for examination before a qualified immigration officer; (iv) the examining officer is different than the arresting officer unless no such person is "readily available;" and (v) a determination is made within forty-eight hours whether a notice to appear and arrest warrant will be issued.

Here, even if § 1357(a)(2) and 8 C.F.R. § 287.3(a) are governing, Respondents were required to obtain a warrant within forty-eight hours if they did not have one at the time of Petitioner's arrest. More than five days have passed since the arrest, and Respondents still have not produced a warrant. Immediate release is the appropriate remedy in these circumstances. *See Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (emphasis omitted) ("[R]elease is an available and appropriate remedy for detention that lacks a lawful predicate." (internal quotation marks omitted)).

Granted, Respondents have provided a notice to appear. But "a 'notice to appear' is distinct from a 'warrant of arrest.'" *Sanga v. Barr*, 706 F. Supp. 3d 803, 810 (S.D. Iowa 2020). The notice to appear commences removal proceedings, whereas the arrest warrant authorizes immigration officials to take a person into custody. *See id.* The difference between the two documents is reflected in various federal regulations, including, e.g., 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest.") and 8 C.F.R. § 236.2(a) ("[T]he notice to appear, and the warrant of arrest, if issued, shall be served in the manner prescribed ...."). Further, DHS's Form I–200, entitled "Warrant for Arrest of Alien," is distinct from Form I–862, entitled "Notice to Appear." The notice

to appear therefore is not a substitute for an arrest warrant, and Petitioner is entitled to immediate release.

## V.     CONCLUSION.

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Verified Petition for Writ of Habeas Corpus (ECF 1) is GRANTED.

2. If Petitioner is in Minnesota, Respondents must immediately release him from custody. If Petitioner is not in Minnesota, Respondents must return him to Minnesota within twenty-four hours and then immediately release him from custody. Respondents shall release Petitioner with all of his personal effects, including but not limited to purse/wallet, money, driver's license, immigration papers, passport, cell phones, and keys.

3. Within three days of the date of this Order, the Parties shall confirm that Petitioner has been released as required by this Order.

**IT IS SO ORDERED.**

Dated: February 23, 2026

_____

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE